IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| MICHAEL A. FORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GMAC MORTGAGE, LLC., as Assignee to )<br>New Century Mortgage Corporation, )<br>)<br>Defendant. ) | Civil Action No. 5:08v100 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

The Plaintiff, Michael Ford filed suit in Warren County Circuit Court alleging a violation of the Truth in Lending Act, 15 U.S.C. §1601 *et seq*. ("TILA") by the original lender, New Century Mortgage Corporation ("New Century"), which granted him an extended right of rescission with respect to the mortgage loan transaction entered into on November 10, 2006. The Plaintiff rescinded the mortgage loan transaction on October 7, 2008. The Defendant, GMAC Mortgage, LLC ("GMACM") is the assignee or servicer of the loan. The Plaintiff seeks declaratory and injunctive relief which includes determining that the transaction has been rescinded, voiding the security interest relating to the transaction, enjoining foreclosure, determining the Plaintiff's tender obligation, and ordering the Defendant to accept tender on reasonable terms and over a reasonable period of time. The Defendant removed the case to this Court. The Defendant has filed a motion for summary judgment, and the Plaintiff opposes the motion.

## II. STATEMENT OF FACTS

Most of the material facts pertinent to the Defendant's Motion for Summary Judgment are undisputed; however, there is a genuine issue of material fact regarding both the Plaintiff's receipt of two copies of the notice of his right to rescission, and as to the Plaintiff's ability to tender.

The Plaintiff relies on the Defendant's Answer (attached hereto as Exhibit 1), certain documents provided by the Defendant in its initial disclosures (attached hereto as Exhibits 2 through 5), the rescission letter (attached hereto as Exhibit 6), the Affidavit of Sarah Largay (attached hereto as Exhibit 7), the Affidavit of the Plaintiff (attached hereto as Exhibit 8), and the Defendant's Exhibits in support of its motion for summary judgment in his statement of facts.

### A.  UNDISPUTED FACTS

The Plaintiff entered into a mortgage loan transaction on November 10, 2006 with New Century in which New Century extended consumer credit to the Plaintiff in the amount of $149,000.00 which was subject to a finance charge. (Exhibit 2).  New Century retained a security interest in the subject property, located in Front Royal, Virginia, where the Plaintiff resided and continues to reside. (Exhibit 3).  The loan transaction was a refinance of a previous secured mortgage loan on the property held be a different lender. (Exhibit 4).  On or about April 2, 2007, New Century assigned the loan to Defendant GMACM. (Exhibit 1, paragraph 4). GMACM is the servicer of the loan. (Exhibit 1, paragraph 12).  At the closing of the loan, the Plaintiff signed a Truth In Lending Disclosure Statement (Exhibit 5) and received an unsigned copy of the same document. The Plaintiff also signed an acknowledgement of receipt of two copies of the statutory notice of his right to rescind the transaction. (Defendant's Exhibit B, Attach. 1; Defendant's Exhibit C, Attach. 5.)  The mortgage closing agent signed an affidavit

indicating that the Plaintiff received two copies of the notice of the right to rescind. (Defendant's Exhibit B, Attach 2; Defendant's Exhibit C, Attach. 6). On or about October 7, 2008, the Plaintiff exercising his extended right to rescind, through counsel, sent a letter rescinding the loan transaction to New Century and to GMACM. (Exhibit 6). It is undisputed that the Plaintiff does not have the present ability to immediately tender back the full amount of the loan proceeds to GMACM. However, it is also undisputed that the property is listed for sale at a price adequate to cover the tender amount (Exhibit 7; Exhibit 8), and the Plaintiff is employed and has income from which to tender back the proceeds in reasonable amounts over time. (Exhibit 8).

## B. DISPUTED FACTS

It is disputed, however, that the plaintiff actually received two signed copies of the notice. The folder of documents the Plaintiff received at closing contained only unsigned documents, and contained only one copy of the notice. (Exhibit 10). (The Plaintiff testified to these facts in his deposition; however, the Plaintiff could not afford a copy of the deposition transcript, and a full copy has not been provided by the Defendant). This is sufficient to create a genuine issue of material fact which can only be resolved at an evidentiary hearing before the trial of fact.

The Plaintiff also disputes the Defendant's assertion that he lacks the ability to tender back the loan proceeds, given the Court's equitable authority to set reasonable terms and conditions of tender. The property is currently listed for sale (Exhibit 7; Exhibit 8), and the Plaintiff is employed and earning income which can be used to make tender in monthly payments (Exhibit 8). The ability of the Plaintiff to tender is a genuine issue for trial.

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Furthermore, "in reviewing a motion for summary judgment, the court must draw any permissible inference from the underlying facts in the light most favorable to party opposing the motion."  *Sylvia Development Corporation v. Calvert County*, 48 F. 3d 810, 817 (1995) (*citation omitted*).

Moreover, "a motion for summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." *Campbell v. Hewitt, Coleman & Ass'n, Inc.*, 21 F.3d 52, 55 (4th Cir. 1994) (*citations omitted*).  A principal purpose of summary judgment is to "isolate and dispose of factually unsupported claims or defenses."  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-324 (1986).  The parties' main differences in this case arise from the application of law to fact.  While there is no genuine issue as to material fact pertinent to the issues raised by the Defendant's motion, except as to receipt of the notice of the right to rescind and the Plaintiff's ability to tender, the Plaintiff's claims are factually supported and thus the Defendant's motion for summary judgment should be denied.

## IV.   ARGUMENT

GMACM states four grounds for its motion for summary judgment:   that the Plaintiff cannot rebut the presumption that he received the notices of his right to cancel, that the TILA Disclosure Statement was compliant with TILA, that the defendant cannot be held liable for TILA violations not apparent on the face of the document, and that the Plaintiff has not offered

4

any evidence to show he can tender the loan proceeds. The Plaintiff concedes that even if he overcomes the presumption that he received two copies of the right to cancel, his failure to receive two signed copies is not apparent on the face of the loan documents. The defendant's remaining arguments fail for the reasons set forth below, and GMACM is not entitled to summary judgment.

### A. THE PRESUMPTION THAT THE PLAINTIFF RECEIVED TWO COPIES OF THE NOTICE OF RIGHT TO CANCEL

The Plaintiff agrees that his signature acknowledging receipt of the Right to Cancel and the closing agent affidavit create a rebuttable presumption that he received those documents. While the defendant continues to maintain that he only received one unsigned copy of the notice of right to cancel, he acknowledges that it will be difficult to overcome the presumption, and that a TILA violation based on his receiving only one unsigned copy of the notice was not apparent on the face of the loan documents. However, there is a genuine issue for trial. *In re Jaaskelainen v. Wells Fargo Bank, N.A.*, 391 B.R. 627 (Bankr. Ma. 2008).

### B. THE DISCLOSURE STATEMENT VIOLATED TILA IN THAT IT DID NOT PROPERLY DISCLOSE THE PAYMENT DUE DATES OR PERIODS OF PAYMENTS SCHEDULED TO REPAY THE INDEBTEDNESS

Payment due dates are "material disclosures" as defined in TILA, 15 U.S.C. §1602(u) and Regulation Z, 12 C.F.R. §226.23 n. 48. A failure to provide material disclosures extends the borrower's right to rescind the transaction. 15 U.S.C. §1635. TILA requires that the creditor disclose "the number, amount, and due dates or period of payments scheduled to repay the total of payments." 15 U.S.C. §1638(a)(6). Regulation Z, which implements TILA, requires that the creditor disclose the "number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. 226.18(g). Additionally, as noted in *Kitchen v. Ameriquest Mortgage Co*, 2005 U.S. Dist. LEXIS 43937 (N.D. Ga. 2005) (*unpublished*):

> The FRB Commentary on Regulation Z provides further guidance on disclosing the timing of payments:
>> Section 226.18(g) requires creditors to disclose the timing of payments. To meet this requirement creditors may list all of the payment due dates. They also have the option of specifying the period of payments scheduled to repay the obligation. As a general rule, creditors that choose this option must disclose the payment intervals or frequency, such as 'monthly' or 'bi-weekly,' and the calendar date that the beginning payment is due." 12 C.F.R. pt 226.18, Supp. I (2005).

*Kitchen*, 2004 U.S.Dist. LEXIS 43937. *See also Swayze v. Ameriquest Mortgage Co.*, 2005 U.S. Dist. LEXIS 46343 (*unpublished*).

The disclosure statement provided to the Plaintiff violated this requirement in that it does not properly specify either the payment interval or the due date of each payment. The payment table included on the disclosure statement provides that 36 payments of $1,041.61 are due on 01/01/07, 6 payments of $1,264.76 are due on 01/01/10, and so on. Courts considering this issue have determined that such an omission violates TILA, and entitles the borrower to rescind the transaction. *Hamm v. Ameriquest Mortgage Company*, 506 F.3d 525 (7th Cir. 2007); *Briscoe v. Deuttsche Bank National Trust Company*, 2008 U.S. Dist. LEXIS 90665 (N.D. Ill, 2008) (*unpublished*); *Washington v. Ameriquest Mortgage Company*, 2006 U.S. Dist. LEXIS 50804 (N.D. Ill, 2006) (*unpublished*); *Kitchen,* 2004 U.S. Dist. LEXIS 43937; *Swayze* 2005 U.S. Dist. LEXIS 46343 (*unpublished*). In fact, the error in the payment table provided to the Plaintiff is more egregious that those in the cited cases, as it specifically *misstate*s the payment due dates, providing that all of the first 36 payments were due on 01/01/07.

TILA is a strict liability statute that must be strictly construed. This Court, citing *Mars v. Spartanburg Chrysler Plymouth*, 713 F.2d 65 (4th Cir. 1983), has previously held that

> violations of TILA cannot be explained away as merely 'technical' and, thus, *de minimis.* In *Mars*, the Fourth Circuit interpreted TILA to require a standard which was both strict and objective. The Fourth Circuit concluded that "We disagree with the district court's analysis that a technical violation of the Act without actual harm imposes no liability . . . To insure that the consumer is protected, as Congress envisioned, requires that the

6

provisions of the Act and the regulations implementing it be absolutely complied with and strictly enforced."

*Jenkins v. Landmark Mortgage Corp.*, 696 F. Supp. 1089, 1095 (W.D. Va. 1988). (*citations omitted*).

The Defendant argues that the Plaintiff was not confused by the improperly disclosed payment schedule. However, whether the borrower was actually misled or confused by the payment schedule disclosure is legally irrelevant. *Jenkins,* 696 F. Supp. at 1095. The Court of Appeals for the Seventh Circuit considered that most borrowers would understand that the payments were required to be made monthly; however, the disclosure form does not state that, and the borrower must make assumptions regarding the payment intervals. *Hamm*, 506 F.3d at 530.

> The key point is that the borrower should not have to make any assumptions; she should be told her payment period in explicit terms. (For example, a Disclosure Statement that said 'payment is due on the first of every month from March 1, 2002, through January 1, 2032,' would effectively tell the borrower that her payment period is monthly ....) Because [the lender's] form required such an assumption, it did not meet TILA's requirements.

*Hamm,* 506 F.3d at 531. In this case, as in *Hamm*, the disclosure statement required Plaintiff to make assumptions about his payment period, including the assumption that all of the first 36 payments were not due on 01/01/07 in contrast to the plain language of the form. The disclosure statement provided to Plaintiff improperly disclosed the payment due dates or period of payment, in clear violation of TILA.

### C. THE DEFENDANT CAN ONLY BE HELD LIABLE FOR VIOLATIONS THAT ARE APPARENT FROM THE FACE OF THE LOAN DOCUMENTS

The Plaintiff agrees that an assignee can only be held liable under damages under TILA if the violation upon which the action is based is apparent on the face of the loan documents. However, the failure to provide payment due dates or payment intervals is apparent from the face

7

of the loan documents. *Briscoe v. Deutche Bank National Trust Company,* 2008 U.S. Dist. LEXIS 90665 *(unpublished) (assignee liable for failure to properly disclose payment due dates or intervals).* In fact, New Century's failure to properly disclose the payment due dates or period of payment can only be ascertained by looking at the loan documents, specifically the disclosure statement. It is important to note that the Plaintiff is seeking rescission and not damages for the underlying TILA violations. The Plaintiff may have a claim for statutory damages for the Defendant's failure to properly respond to the Plaintiff's rescission notice, but as this is not pertinent to the Defendant's motion of summary judgment it shall not be discussed further.

### D. PROOF OF ABILITY TO TENDER

The Defendant argues that judgment in its favor is warranted as the Plaintiff is unable to tender the payment required by TILA even if he can prove a TILA violation. TILA requires a lender to honor the debtor's rescission within 20 days after receipt of the notice. The debtor's obligation to tender is not triggered until satisfaction of the lender's obligations upon receipt of the notice of rescission. 15 U.S.C. §1635.

The Fourth Circuit clearly follows the concept of conditional rescission, holding that TILA does not compel a creditor to remove a mortgage lien in the absence of the debtor's tender of loan proceeds, and the Court has the equitable authority to condition the debtor's right to rescind upon tender of the loan proceeds. *Powers v. Sims & Levin,* 542 F.2d 1216 (4th Cir. 1976). However, it is not established that a rescission claim must fail if the debtor cannot immediately tender the full amount of the loan proceeds. Rather, rescission is an equitable process, and the Court has the authority to alter the terms and timing of the tender. *Yamamoto v. Bank of New York,* 329 F.3d 1167 (9th Cir. 2003). The U.S. District Court for the Eastern District of Virginia, in determining this issue in the context of a lender's motion to dismiss,

indicates that while the Plaintiff's inability to tender, if proven, would give the Court authority to exercise its discretion to deny rescission, an alternative outcome would be to grant the plaintiff the relief sought – a time certain to tender the proceeds. *Moore v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 612, 619 (E.D. Va. 2009). The court further found that the lender had not taken any action to trigger the Plaintiff's duty to tender. *Moore*, 597 F. Supp.2d at 617. When unconditional rescission is inappropriate, allowing a debtor a time certain to tender the loan proceeds is an appropriate remedy. *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815 (4th Cir. 2007). The Plaintiff has requested such relief in his Complaint.

The Bankruptcy Court for the Eastern District of Pennsylvania, in conditioning the removal of the security interest in the property on the debtor's tender of the loan proceeds, fixed a monthly installment payment in such a fashion as to maximize the likelihood that the debtor could afford the payments, even though the repayment structure resulted in a payment term of 302 months. The court fixed the interest rate at the legal judgment rate of interest. *In re Sterten*, 52 B.R. 380 (E.D. Pa 2006).

The Plaintiff agrees that he is presently not able to tender the full tender amount that will be determined to be due. However, as evidenced by the Affidavits attached hereto as Exhibits 7 and Exhibit 8, the property has been listed for sale at an amount clearly sufficient to cover the tender obligation, once the obligation arises. Furthermore, the plaintiff does earn income working multiple jobs, and is able to pay the tender amount over time if the terms are reasonable.

## V. CONCLUSION

The Defendant's motion for summary judgment must fail. There exists genuine issues of material fact with respect to both the Plaintiff's receipt of the required notices of his right to rescind, and the Plaintiff's ability to tender. Thus, summary judgment is not an appropriate

9

remedy.  More significantly, the Defendant is not entitled to judgment as a matter of law.  The disclosure statement, on its face, bears a faulty payment schedule such that the Plaintiff was entitled to rescind the transaction on October 7, 2008.  Furthermore, rescission is an equitable process, and the Court, while having the authority to condition rescission on the Plaintiff's tender of loan proceeds, also has the equitable and statutory authority to alter the timing and terms of tender. Wherefore, the Plaintiff requests that the Defendant's motion for summary judgment be denied.

MICHAEL A. FORD

By: _____
Counsel

Anna L. K. Hammond [VSB # 43497]
BLUE RIDGE LEGAL SERVICES, INC.
119 S. Kent Street
PO Box 436
Winchester, VA  22604
Telephone:  (540) 662-5021
Fax:  (540) 662-5038
Email:  ahammond@brls.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2009, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Counsel for GMAC Mortgage, LLC
Jason E. Manning
John C. Lynch
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Email: Jason.manning@troutmansanders.com
Email: john.lynch@troutmansanders.com

By: _____
Counsel

Anna L. K. Hammond [VSB # 43497]
BLUE RIDGE LEGAL SERVICES, INC.
119 S. Kent Street
PO Box 436
Winchester, VA 22604
Telephone: (540) 662-5021
Fax: (540) 662-5038
Email: ahammond@brls.org

11